IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN H. HAMPTON,

      **Plaintiff**

vs.                                  **No. CIV 10-1029 WDS/ACT**

WILLIAM HEIN,
**a Representative of the State of New Mexico**
**Department of Corrections, Adult Probation**
**and Parole Division, Individually;**

LARRY FRANCO,
**a Representative of the State of New Mexico**
**Department of Corrections, Adult Probation**
**and Parole Division, Individually;**

THOMAS C. HAVEL,
**Administrator of Adult Detention,**
**San Juan County Detention Center,**
**San Juan County, New Mexico, Individually;**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Thomas C. Havel's ("Defendant")

Motion for Summary Judgment and Memorandum in support thereof with accompanying exhibits

filed May 17, 2011 [Doc. 27, 28]; Plaintiff John H. Hampton's ("Plaintiff" or "Hampton") Response

with accompanying exhibits filed June 6, 2011 [Doc. 30]; and Defendant's Reply filed June 23,

2011. In Plaintiff's Response, Plaintiff requested that he be allowed to depose Defendant and file

a supplemental brief before the Court ruled on Defendant's Motion.  On August 19, 2011, the Court

issued an Order Granting Leave to Conduct Limited Discovery Pursuant to Fed. R. Civ. P. 56(d).

[Doc. 41].  The Order granted leave for Plaintiff to take the deposition of Defendant within 20 days

of the date of the order and granted another ten days for Plaintiff to file a supplemental brief or

notify the Court that a supplemental brief would not be filed.  The deposition of Defendant took

place on September 7, 2011.  No supplemental brief has been filed; accordingly, the briefing is

complete. Having considered the submissions, the applicable law, and being otherwise fully advised,

this Court finds that Defendant's Motion for Summary Judgment is well taken and it will be granted,

and Plaintiff's claim against Defendant will be dismissed with prejudice.

**CLAIMS**

This case arises from Plaintiff's detention at the San Juan County Detention Center

("SJCDC") from November 1, 2007 to April 23, 2008 under various criminal charges, including a

"Warrant for Paroled Prisoner."  Plaintiff asserts a claim against Defendant, the Administrator for

SJCDC, for wrongful detention under Section 1983 because his parole with the New Mexico

Corrections Department had ended on March 27, 2007. Defendant argues that Plaintiff's claim fails

as a matter of law both because SJCDC did not wrongfully detain Plaintiff and, in the alternative,

because Defendant is entitled to qualified immunity.

**STANDARD OF REVIEW**

Summary judgment is appropriate when the moving party can demonstrate that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970); *Quaker State Mini-Lube, Inc. v. Fireman's Fund Insurance Co.,* 52 F.3d 1522, 1527 (10th Cir. 1995). The party moving

for summary judgment has the initial burden of establishing through admissible evidence in the form

of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there

is an absence of evidence to support the opposing party's case and the moving party is entitled to

judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The factual record

2

along with any reasonable inferences that my be drawn therefrom must be examined in the light most favorable to the party opposing summary judgment. *Spaulding v. United Transportation Union,* 279 F.3d 901, 904 (10th Cir. 2002).

Once the moving party meets its burden, the party opposing the motion must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986); *Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264, 1266 (10th Cir. 1996). The party opposing the motion may not rest upon the mere denials of his pleadings to avoid summary judgment.  Fed. R. Civ. P. 56(e); *Bacchus Industries, Inc. v. Arvin Industries, Inc.,* 939 F.2d 887, 891 (10th Cir. 1991).  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the non-movant." *Mitchell v. City of Moore, Okla.,* 218 F.3d 1190, 1197-98 (10th Cir. 2000) (internal citation omitted).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The following material facts are taken from the Summary Judgment pleadings.  Plaintiff does not dispute these facts.

On August 17, 2005, Plaintiff was released on parole from incarceration with the New Mexico Corrections Department. On March 19, 2007, a "Warrant for Paroled Prisoner" was issued for Plaintiff, charging that he had failed to report to his parole officer and had failed to report a change in residence to his parole officer.  On March 27, 2007, Plaintiff's New Mexico parole with the New Mexico Corrections Department ended through his having served his maximum sentence.

Plaintiff was booked into the SJCDC on November 1, 2007 on a variety of criminal charges. San Juan County Case No. M-47-FR-200700670 charged Plaintiff with Possession of Firearm by Felon, Resisting/Evading/Obstructing of an Officer, Possession of a Controlled Substance, and

Tampering with Evidence.   Bond was set at $15,600.   San Juan County Case No. M-47-FR-200700643 charged Plaintiff, *inter alia*, with Trafficking a Controlled Substance (Cocaine) and (Methamphetamine).   Bond was set at $150,000.   Plaintiff was also booked on the Warrant for Paroled Prisoner discussed, *supra,* which constituted a no-bond parole hold on Plaintiff.   SJCDC confirmed the existence and validity of the Warrant with the National Crime Information Computer ("NCIC").   At least as early as November 6, 2007, the Probation and Parole Board was aware of Plaintiff's arrest and detention at the SJCDC.

On November 14, 2007, San Juan County Case M-47-FR-200700643 was dismissed, and the $150,000 cash or surety bond was released.   Plaintiff continued to be held in detention on San Juan County Case No. M-47-FR-200700670 and pursuant to the no-bond parole hold based on the Warrant for Paroled Prisoner.

On or about February 10, 2008, Plaintiff prepared an Inmate Request Form complaining that he was being detained illegally.   Plaintiff specifically requested that Janet Howell, a SJCDC Officer, or Court Services contact the Parole Board.   Shortly thereafter, Ms. Howell, whose duties include being the liaison officer between inmates and various courts, called William Hein, Plaintiff's parole officer. Mr. Hein informed Ms. Howell that the parole hold was still valid and that because Plaintiff had absconded from parole on March 17, 2007, 227 days had been added to his parole so his parole would continue until June 15, 2008.

The next communication about Plaintiff received by anyone at SJCDC from the Probation and Parole Board was a fax from Melissa Oliveros on April 23, 2008.   The fax included a copy of a form entitled "Certificate of Parole Discharge," which had been issued on February 14, 2008.   The fax requested that Plaintiff be released from custody "as soon as possible, if the individual does not have any local charges."   On April 23, 2008 Plaintiff was allowed to post bond in San Juan County

4

Case No. M-47-FR-200700670, and he was released from custody.

Through an Affidavit submitted by Plaintiff in Response to Defendant's Motion for Summary Judgment, Plaintiff alleges the following:

> 5.  I, personally, made known to San Juan County Detention Center Personnel that I was being detained illegally between November 1, 2007 and April 23, 2008;
>
> 6.  The jail personnel that I communicated with was Janet Howell, herself.  I sent her numerous letters during that time period.  She answered once, to state that I needed to contact my attorney or my parole officer;
>
> 7.  It is my belief based on experience at the San Juan County Detention Center that Janet Howell met with Director Havel on a regular, frequent basis.  It is logical that she would have discussed my complaints with Director Havel.

[Doc. 30-1, p. 2].

## ANALYSIS

Defendant argues that Plaintiff's claim for wrongful detention fails because SJCDC did not wrongfully detain Plaintiff and because Defendant is entitled to qualified immunity.

1.  Wrongful Detention

Defendant argues that Plaintiff's claim for wrongful detention fails because the SJCDC did not wrongfully detain Plaintiff.  This Court agrees.  As the undisputed facts establish,  Plaintiff  was booked into SJCDC on November 1, 2007 on a variety of criminal charges, including  a Warrant for Paroled Prisoner dated March 19, 2007.  SJCDC confirmed the validity of the warrant with the NCIC.  Although the Probation and Parole Division was aware of Plaintiff's arrest and detention as early as November 6, 2007, SJCDC did not receive any release information from them.  On February 10, 2008, SJCDC received an Inmate Request Form from the Plaintiff complaining that the Warrant for Paroled Prisoner was invalid and requesting that SJCDC contact Plaintiff's parole officer.  Ms. Howell contacted the parole officer and was informed that the Parole Hold was still valid and that

because Plaintiff had absconded from parole on March 17, 2007, 227 days were added to his parole. Based on this information, the SJCDC did not and could not have released the Plaintiff.  NMSA 1978 §33-3-12 prohibits a jailer from releasing a prisoner without an appropriate order of release and further provides that any jailer who releases a prisoner without an order of release, except upon expiration of the prisoner's term of commitment, is guilty of a misdemeanor.[1]  SJCDC received no order of release from the Probation and Parole Board until the April 23, 2008 fax, which requested that Plaintiff be released from custody.  On the day SJCDC received the fax, Plaintiff was allowed to post bond on the separate criminal complaint, and he was released from custody.

The undisputed facts in this case establish that Plaintiff was booked into SJCDC on a parole hold that SJCDC verified with the NCIC.  Plaintiff complained to SJCDC that the parole hold was invalid.  SJCDC contacted the Probation and Parole Board in response to Plaintiff's complaint, and was specifically told the parole hold was valid.  Therefore, SJCDC had no legal basis to release Plaintiff until it received  the April 23, 2008 fax from the Probation and Parole Board ordering it to do so.  SJCDC immediately complied with the directions contained in that fax.

The allegations Plaintiff makes in his Affidavit do not convince the Court that Defendant's motion should be denied.  Plaintiff states that he sent numerous letters to Janet Howell during the

---

[1]NMSA 1978 §33-3-12 states in pertinent part:
A.  Every public officer who has power to order the imprisonment of any person for violation of law shall, on making such order, transmit to the sheriff, jail administrator or independent contractor of his respective county a true copy of the order so that the person imprisoned may be considered under his custody until expiration of the commitment or until further steps, as provided by law, are taken to obtain the prisoner's liberty, of which he shall, in due time, notify the sheriff, jail administrator or independent contractor in writing.
B.  Any jailer who deliberately and knowingly releases a prisoner without an order of release as provided in this section, except upon expiration of the prisoner's term of commitment, is guilty of a misdemeanor and shall be removed from office.

time period of November 1, 2007 and April 23, 2008.  To the extent that Plaintiff may be arguing

that SJCDC had an independent duty to investigate his parole status, the Tenth Circuit has made it

clear that such a claim is without merit.  *See Scull v. State of New Mexico*, 236 F.3d 588 (10th Cir.

2000).  In *Scull,* the plaintiff claimed that he was wrongfully detained by the Bernalillo County

Detention Center ("BCDC") and named a jail administrator as one of the defendants.  Plaintiff

claimed that the jail administrator and his staff intentionally ignored a Court Order which released

the prisoner. The Order directed that the plaintiff be released from the Taos County Detention

Center. The plaintiff maintained that the Order was equally applicable to BCDC and additionally

argued that the Order, at the very least, triggered a duty on the part of the BCDC jail administrator

to investigate whether the plaintiff was being detained illegally.  The Tenth Circuit held that the jail

administrator's actions were constitutional stating,  "BCDC Appellees were not required by either

the Constitution or statute to investigate independently [plaintiff's] claim that he should be released

within this time frame." *Scull v. State of New Mexico*, 236 F.3d at 597-598.  *See also*, *Thompson v.

Duke*, 882 F.2d 1180, 1186 (7th Cir.1989)(Mere jailers have a constitutional duty only to determine

the facial validity of a warrant under which a prisoner is held.)

It is undisputed that in the present case SJCDC held Plaintiff on a facially valid warrant, and

released Plaintiff immediately upon being ordered to do so by the Probation and Parole Division.

Had Defendant Havel released Plaintiff before being ordered to do so, he would have been guilty

of a misdemeanor and subject to removal from office.  Although SJCDC had no independent duty

to investigate Plaintiff's complaints, detention center staff did so by contacting Plaintiff's parole

officer.  That parole officer confirmed that the parole hold was valid.  SJCDC did not wrongfully

imprison Plaintiff, and Defendant Havel, as Administrator for SJCDC is entitled to summary

judgment.

2. Qualified Immunity.

The Court is dismissing the claim of wrongful detention against Defendant under the summary judgment standard, finding as a matter of law that there was no constitutional violation committed by Defendant.  Accordingly, it is unnecessary for the Court to address the issue of qualified immunity raised by the Defendant, and the Court declines to do so.

## CONCLUSION

For the reasons set forth above, the Court finds that Defendant's Motion for Summary Judgment is well taken and it will be granted.  Accordingly, it is hereby ordered that Defendant's Motion for Summary Judgment is granted, and Plaintiff's claim of wrongful detention against Defendant Havel is dismissed with prejudice.

**IT IS SO ORDERED.**

_____

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**