IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHN H. HAMPTON,**

      **Plaintiff**

vs.                                                                  No. CIV 10-1029 WDS/ACT

**WILLIAM HEIN,**
**a Representative of the State of New Mexico**
**Department of Corrections, Adult Probation**
**and Parole Division, Individually;**

**LARRY FRANCO,**
**a Representative of the State of New Mexico**
**Department of Corrections, Adult Probation**
**and Parole Division, Individually;**

**THOMAS C. HAVEL,**
**Administrator of Adult Detention,**
**San Juan County Detention Center,**
**San Juan County, New Mexico, Individually;**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants William Hein ("Hein") and Larry Franco's ("Franco") (together referred to as "Defendants") Motion for Summary Judgment and Memorandum in support thereof with accompanying exhibits filed August 18, 2011 [Doc. 39]; Plaintiff John H. Hampton's ("Plaintiff" or "Hampton") Response with accompanying exhibit filed October 11, 2011 [Doc. 49]; and Defendants' Reply filed October 28, 2011 [Doc. 51]. Having considered the submissions, the applicable law, and being otherwise fully advised, this Court finds that Defendants' Motion for Summary Judgment is well taken and it will be granted. Plaintiff's claim for wrongful detention pursuant to 42 U.S.C. §1983 against Defendants Hein and Franco will

be dismissed with prejudice. Furthermore, Plaintiff concedes in his Response that Defendants are entitled to sovereign immunity for his wrongful detention tort claim under the New Mexico Tort Claims Act; therefore, Plaintiff's claim under the New Mexico Tort Claims Act will be dismissed with prejudice.

## CLAIMS

This case arises from Plaintiff's detention at the San Juan County Detention Center ("SJCDC") from November 1, 2007 to April 23, 2008 under various criminal charges, including a "Warrant for Paroled Prisoner." Plaintiff asserts a claim against Defendants Hein and Franco pursuant to 42 U.S.C. §1983 for wrongful detention under the Fourth and Fourteenth Amendments alleging that his parole with the New Mexico Corrections Department had ended on March 27, 2007, over seven months prior to his detention on November 1, 2007. Defendants argue that Plaintiff's claim fails because Defendants are entitled to qualified immunity. Plaintiff additionally asserts a wrongful detention claim under the New Mexico Tort Claims Act. Plaintiff concedes in his Response that Defendants are entitled to sovereign immunity for this claim.

## STANDARD OF REVIEW

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970); *Quaker State Mini-Lube, Inc. v. Fireman's Fund Insurance Co.,* 52 F.3d 1522, 1527 (10th Cir. 1995). Summary judgment motions involving a qualified immunity defense are determined somewhat differently from other summary judgment motions. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). When a defendant raises the defense of qualified immunity on summary judgment, "the burden shifts to the plaintiff to meet a strict two-part test." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000). This is a heavy burden for the plaintiff. *Medina*

*v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citation omitted). The Plaintiff must demonstrate on the facts alleged: (1) that the Defendant's actions violated a constitutional or statutory right; and (2) that the right was clearly established at the time of the alleged unlawful activity. *See Riggins v. Goodman,* 572 F.3d 1101, 1107 (10th Cir. 2009). The plaintiff must articulate both of these elements with specificity. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995). The defendant is entitled to qualified immunity if the plaintiff fails to establish either element. *Id.*

To resolve the first part of the qualified immunity test, the Court must decide if the alleged facts, when viewed "in the light most favorable to the party asserting the injury, ... show the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (citation omitted). "In determining whether the right was 'clearly established,' the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether 'the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right.'" *Medina v. Cram*, 252 F.3d at 1128 (quoting *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). Moreover, in order for the law to be clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). Only if the plaintiff establishes both parts of the qualified immunity test does the defendant bear the traditional summary judgment burden of showing "that no material facts remain in dispute that would defeat her or his claim of qualified immunity."*Powell v. Mikulecky*, 891 F.2d 1454, 1457 (10th Cir. 1989).

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

On August 17, 2005, Plaintiff was released on parole from incarceration with the New Mexico Corrections Department. Plaintiff was assigned to Hein, a Probation and Parole Officer ("PPO") with the New Mexico Corrections Department ("NMCD"). The Certificate of Parole issued to Plaintiff indicated that his parole was set to expire on March 27, 2007, unless extended by an act of delinquency or revocation. On June 26, 2006, Hein attempted to make a supervision contact with Plaintiff, but found Plaintiff's apartment vacant, with an eviction notice on the door. Plaintiff moved out of the apartment the first part of June 2006 because he could no longer pay the rent. On June 27, 2006, Hein issued a "No Bond Arrest and Hold" order for Plaintiff, noting that Plaintiff had violated the conditions of his parole by failing to report on June 1, 2006, and by moving from his residence without reporting his status to Hein. Plaintiff does not dispute that the order was issued. When a parolee absconds, it is Hein's responsibility to submit a Parole Absconder Packet ("Packet") to the Interstate Compact Office ("ISC"). On July 26, 2006, Hein submitted a Packet to the ISC regarding Plaintiff in order to alert them that Plaintiff had absconded from his parole and to support issuance of a Warrant for Paroled Prisoner. It is not Hein's responsibility for calculating the length of a parole absconder's sentence.

On March 19, 2007, PPO Rachel Meserve ("Meserve") from the ISC contacted Hein and informed him that Plaintiff had been declared an absconder. Meserve instructed Hein to cancel any local arrest orders and stated that the issuance and cancellation of any warrants relating to Plaintiff was her responsibility. On the same day, Meserve issued a no-bond "Warrant for Paroled Prisoner" ("Warrant") for Plaintiff for violating the conditions of his parole. Hein does not know the ISC's

reasons for the eight-month delay in issuing the Warrant after he submitted the Packet on July 26, 2006, and he had never experienced such a delay in the past. In his experience, ISC issued a Warrant within days after receiving a Packet. Hein assumed that "dead time"[1] on Plaintiff's sentence had begun shortly after he submitted the Packet. On March 27, 2007, Hein issued a "Cancel Arrest Order" for the "No Bond Arrest and Hold Order" issued on July 27, 2006 because the Warrant had been issued.

Plaintiff was booked into the San Juan County Detention Center ("SJCDC ") on November 1, 2007 on a variety of criminal charges. Although some of the new charges were dismissed, Plaintiff was unable to post a $15,600 bond and secure a release because of the Warrant issued by the ISC. On November 7, 2007, upon learning of Plaintiff's arrest and detention, Hein contacted the San Juan Probation and Parole Office to have a notice of hearing served on Plaintiff for the revocation of his parole. Although a revocation of parole hearing was scheduled, it was not held. Plaintiff states that he told the hearing officer that he was under the impression that he had completed his parole and that there was no reason for the hearing. The hearing officer noted in a memorandum dated November 28, 2007 that the hearing was scheduled but Plaintiff waived it. In the Court's opinion Plaintiff's notice to the hearing officer that there was "no reason" for the hearing would constitute a waiver of such hearing. The hearing officer then found there was probable cause to support Plaintiff's violation of his parole, and that Plaintiff should be returned to the penitentiary.

On February 14, 2008, the State of New Mexico Adult Parole Board issued a Certificate of Parole Discharge ("Discharge Certificate"), stating that Plaintiff was discharged from parole and

---

[1]When a parolee absconds, the time between absconding and recapture constitutes "dead time" and effectively serves to extend the length of a parolee's sentence. [Doc. 39, p. 2].

sentence by expiration of maximum sentence on March 27, 2007 because "the PPO has failed to issue a timely discharge recommendation and as such we are unable to determine if this person has fulfilled the obligations of parole." It is uncontested that the Discharge Certificate or a copy thereof was not provided to Hein,  Hein had no knowledge of the existence of this document, and Hein had never seen such a document before.

On March 19, 2008, Plaintiff's attorney, Overzenia Ojuri ("Ojuri"), sent a letter to Franco, a Probation and Parole Supervisor with the NMCD, informing him that she believed that the March 19, 2007 Warrant had been issued by the ISC after Plaintiff's parole had expired and that Plaintiff should be allowed to post bond. Franco responded by letter dated March 20, 2008, informing Ojuri that the Warrant had not been issued out of the San Juan County Office of Probation and Parole, and that she could obtain a copy of the Warrant from the SJCDC far more quickly than Franco could from the Albuquerque Probation and Parole Office. On March 28, 2008, Ojuri sent a similar letter to Hein, and Hein referred the letter to the legal department of the Albuquerque Office of Probation and Parole. On March 30, 2008, Franco e-mailed Hein informing him that taking into account "the amount of dead time and the time the warrant was issued," he believed that Plaintiff had completed his parole.  The exchange of letters with Ojuri and the e-mail to Hein were the only actions taken by Franco in connection with Plaintiff's parole, detention, and release.

Hein was not aware of the possibility that Plaintiff's parole might have expired until he received the communications from Ojuri and Franco. On April 1, 2008, Hein recommended that the Parole Board discharge Plaintiff.  In his response brief, Plaintiff "partially disputes" this fact, stating that Hein "should have been aware" of the Discharge Certificate when it was issued on February 14,

6

2008. There was no further involvement by Hein in Plaintiff's parole, detention, or release. On April 23, 2008 PPO Oliveros at the ISC quashed the Warrant and instructed the SJCDC to release Plaintiff, and on the same date, Plaintiff was released from custody.

## ANALYSIS

Defendants argues that Plaintiff's claim for wrongful detention fails because both Defendants are entitled to qualified immunity. As discussed, *infra,* this Court finds Defendants are entitled to qualified immunity because Plaintiff has failed to show that either Defendant violated a constitutional right.

Applicable Law for Wrongful Detention.

Plaintiff asserts a claim against Hein and Franco pursuant to 42 U.S.C. §1983 for wrongful detention under the Fourth and Fourteenth Amendments alleging that his parole with the New Mexico Corrections Department had ended on March 27, 2007, over seven months prior to his detention on November 1, 2007. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. The Fourteenth Amendment provides, *inter alia*, that a State may not abridge "the privileges or immunities of citizens of the United States" or deprive "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.

Plaintiff may not rely on a claim of negligence to support his cause of action. The Tenth Circuit has clearly held that negligence alone cannot be the basis for a Fourth Amendment claim.

*See, e.g., Thomas v. Durastanti,* 607 F.3d 655, 668 (10th Cir. 2010) ("[M]ere negligence is not sufficient to create a Fourth Amendment violation.") (*citing Medina v. Cram,* 252 F.3d 1124, 1132 (10th Cir. 2001) (stating that a Fourth Amendment violation requires more than mere negligence). Nor can negligence alone be the basis for a Fourteenth Amendment due process violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (where the United States Supreme Court held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property.").

In a case similar to the present case, the court considered whether a parole officer violated a parolee's Fourth Amendment rights by mistakenly preparing a notice charging the parolee with absconding and requesting the issuance of an arrest warrant. *Senger v. Jordan,* 1989 WL 36225 (No. 85 C 6493) (N.D. Ill. Apr. 7, 1989). The parole officer failed to realize that the parolee had been transferred to another officer five months earlier and had complied with the conditions of his sentence. The parolee was arrested because of the warrant and was held for approximately a month until the Illinois Prisoner Review Board determined that he had not violated his parole. After a thorough analysis, the court concluded,

> ...[A]llegations of negligence will not suffice to state a Fourth Amendment claim for false arrest. It follow then that some showing of deliberate misconduct is required to state a Fourth Amendment claim against a parole officer who wrongfully causes the arrest of a parolee pursuant to a parole violation warrant.

*Id.* at *4 (internal citation omitted). The court also applied this reasoning to the parolee's claim of "wrongful incarceration," and dismissed his complaint. *See also Boemer v. Patterson,* 1987 WL 13741 (No. 86-2902) (E.D. Pa. July 13, 1987) (dismissing a due process claim under the Fourteenth Amendment where the parole officer "at most...was negligent in not following up to ensure that the

court had complied with her request [to rescind an arrest warrant] before closing the case.")

In the present matter, Plaintiff fails to allege what type of misconduct he believes the Defendants engaged in. He does not allege that Defendants engaged in misconduct beyond negligence; he does not even specifically allege negligence. As discussed, *infra*, the facts fail to establish even negligence on the part of the Defendants, much less a higher form of misconduct necessary to support a constitutional violation.

Whether Hein Violated Plaintiff's Constitutional Rights.

The undisputed facts show that Hein performed his duties with respect to Plaintiff in a responsible and timely manner and in accordance with standard policy. When Hein was not able to make a supervision contact with Plaintiff, he issued the required "No Bond Arrest and Hold" order and then submitted the required Packet to ISC. Hein did not issue the Warrant and would not have been able to cancel it as it was the responsibility of ISC to do so. ISC issued the no-bond Warrant on March 19, 2007, over a week before Plaintiff's parole was set to expire. Because the Warrant had been issued, Hein canceled the "No Bond Arrest and Hold Order."

Hein was never aware of the February 14, 2008 Certificate of Parole Discharge issued by the Parole Board. When Hein received the March 28, 2008 letter from Plaintiff's attorney, he reasonably referred the letter to the legal department. Two days after Hein received the March 30, 2008 e-mail from Franco in which Franco stated that he believed that Plaintiff had completed his parole, Hein recommended that the Parole Board discharge Plaintiff. The undisputed facts establish that Hein was not aware of the possibility that Plaintiff's parole might have expired until he received the communications from Ojuri and Franco, and that once he became aware, he promptly recommended

9

discharge. These facts show that Hein properly executed his duties and responsibilities regarding Plaintiff and that he acted promptly and reasonably whenever he was provided with information regarding Plaintiff.

The sole argument Plaintiff presents to the Court regarding a violation of his constitutional rights is that Hein's department issued a Certificate of Parole Discharge on February 14, 2008, but Plaintiff was not released until April 23, 2008. However, Plaintiff does not dispute that the Certificate of Parole Discharge was not provided to Hein, that Hein had no knowledge of its existence, and that Hein had never seen such a document. Plaintiff also does not dispute that Hein was unaware of the possibility that Plaintiff's parole might have expired until he received the communications from Ojuri and Franco. Neither does Plaintiff provide this Court with any facts otherwise. He suggests only that Hein "should have been aware" of the Discharge Certificate because it was issued by his department, but this argument is conclusory and without factual support. It is undisputed that Hein and Franco are employees of the New Mexico Corrections Department, not the Parole Board that issued the Discharge Certificate.[2]

In addition to being conclusory, Plaintiff's allegation that Hein "should have known" about the Discharge Certificate is, at best, an argument that Hein was negligent, which, as discussed above, is wholly insufficient to sustain a constitutional violation under either the Fourth or Fourteenth Amendment. *See Thomas v.* Durastanti*,* 607 F.3d at 668; *Daniels v. Williams*, 474 U.S. at 328. Because Plaintiff has failed to meet his burden of demonstrating that Hein's actions violated a

---

[2] The Parole Board is a governmental entity that is independent of the Corrections Department. *Compare* NMSA 1978, §33-1-10 (describing the authority of corrections officers) *with* Parole Board Act, NMSA1978 §§ 31-21-22 to-26 (establishing the Parole Board and describing its powers).

constitutional or statutory right, Hein is entitled to qualified immunity.

Whether Franco Violated Plaintiff's Constitutional Rights.

As the above statement of facts indicate, Plaintiff agrees that Franco's involvement in his case was limited to the following: (1) receiving a letter from Plaintiff's attorney informing him that her client believed that the Warrant was issued after his parole had expired and asking for a copy of the Warrant; (2) responding the next day informing the attorney that she could obtain a copy of the Warrant from the SJCDC much more quickly, but informing her that based on the information he had, the Warrant was issued on March 19, 2007 and her client's Parole was scheduled to end on March 27, 2007; and sending an e-mail to Hein on March 30, 2008, stating that he believed that Plaintiff had completed his parole.

The sole argument Plaintiff makes in his Response is the conclusory allegation that it was the responsibility of departmental representatives such as Franco to give effect to the Certificate of Parole Discharge that was issued by their own department on February 14, 2008, but that, despite this, Plaintiff was not released until the end of April 2008. First, as noted above, it is undisputed that Franco is an employee of the Corrections Department, not the Parole Board that issued the Discharge Certificate. The Parole Board is an independent governmental entity. Second, Plaintiff presents no facts or argument that Franco knew about the Discharge Certificate when it was issued on February 14, 2008, should have known about the Discharge Certificate on February 14, 2008, or had the authority to enforce the Discharge Certificate. Not only is there no evidence supporting an allegation that Franco willfully violated Plaintiff's Fourth and Fourteenth Amendment rights, there is no evidence suggesting that Franco was in any way negligent.

The Court finds that the undisputed facts do not support even an inference of a constitutional violation by Franco. His actions were appropriate and may have even been helpful in securing Plaintiff's release. Plaintiff has failed to demonstrate that Franco's actions violated his constitutional right under the Fourth or Fourteenth Amendment; accordingly, Franco is entitled to qualified immunity.

<u>Whether Plaintiff Met His Burden of Showing that Any Alleged Violation by Either Defendant was Contrary to Clearly Established Law.</u>

Because this Court finds that no constitutional violation occurred, Plaintiff has failed to meet the first prong of the test to defeat Defendants' claim of qualified immunity; accordingly, this Court need not reach the second prong of the test. *See generally Smith v. Cochran,* 339 F.3d 1205, 1211 (10th Cir. 2003).

## CONCLUSION

For the reasons set forth above, the Court finds that Defendants' Motion for Summary Judgment is well taken and it will be granted. Accordingly, it is hereby ordered that Defendants' Motion for Summary Judgment is granted, and Plaintiff's claim of wrongful detention against Defendants pursuant to 42 U.S.C. §1983 and pursuant to the New Mexico Tort Claims Act is dismissed with prejudice.

**IT IS SO ORDERED.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**